IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:26-cv-21233

PEARSON'S LUGGAGE & GIFTS d/b/a
Pearson's 1979,

    Plaintiff,

v.

ZHONGCHUANG JIUTONG TECHNOLOGY CO.,
LTD. and MING LIU a/k/a KEVIN LIU,

    Defendants.

## COMPLAINT

Plaintiff Pearson's Luggage & Gifts d/b/a Pearson's 1979 ("Plaintiff") sues defendants Zhongchuang Jiutong Technology Co., Ltd. ("Zhongchuang") and Ming Liu a/k/a Kevin Liu ("Liu") (collectively "Defendants"), and alleges as follows:

## THE PARTIES

1. Plaintiff is a corporation incorporated in the State of Louisiana. Plaintiff operates an Amazon store under the name of Pearson's 1979.

2. Zhongchuang is a limited company organized and existing under the laws of China.

3. Liu individual who is a citizen and resident of China. Upon information and belief, Liu has used the name "Kevin Liu" in carrying out the scheme at issue herein.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

5. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P.

4(k)(2) because Defendants are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws. See, e.g. JFXD TRX ACQ LLC v. E. River JW Inc., No. 2:24-cv-00594-JNW, 2025 U.S. Dist. LEXIS 3920, at *3-8 (W.D. Wash. Jan. 8, 2025) (determining personal jurisdiction exists and holding that the relevant forum for minimum contacts test is the "entire nation" – not a single state).

6. Alternatively, this Court has personal jurisdiction over Defendants pursuant to Fla. Stat. §§ 48.193(1)(a)(2) because they committed a tortious act within this state, and the exercise of personal jurisdiction over them would not offend traditional notices of fair play and substantial justice.

7. Venue properly lies in this district pursuant to 28 U.S.C. § 1391.

## FACTS

6. Plaintiff owns one or more e-commerce stores selling products through third-party retailers such as www.amazon.com.

7. Among the various products sold by Plaintiff are packs of different sized plastic storage bins, examples of which are displayed below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



8. Plaintiff has been selling these types of storage bins products continuously for years and has been tremendously successful in doing so on multiple online platforms, including www.amazon.com.

9. Amazon.com assigns a unique Amazon Standard Identification Number ("ASIN") to each product sold on its platform. Here, the specific ASINs affected/removed as a result of Defendants' infringement notice are:

ASIN B0CQ2N2BY1

ASIN B0D17JYZWG

ASIN B0F8C4KNP2

ASIN B0CQ51ZNGH

ASIN B0CQ4WCGKX

ASIN B0CQ544YLX

ASIN BOCV23XS8T

ASIN B0CQ511PRF

ASIN B0CQ2NR29T

10. On December 23, 2025, the United States Patent and Trademark Office ("USPTO") issued design patent number US D1106675S (the "US Patent") to Zhongchuang with respect to the subject design. A true and correct copy of the 675 Patent is attached hereto as Exhibit "A."

11. Displayed below are screenshots of the designs for the US Patent:



12. On August 4, 2020, the China National Intellectual Property Administration (the "CNIPA") issued design patent number CN305961397S (the "Chinese Patent") with respect to a substantially similar design.

13. Displayed below are screenshots of the designs of the Chinese Patent:

4



14. On March 4, 2022, the European Union Intellectual Property Office (the "EUIPO") issued design patent number EU008867147 (the "EU Patent") with respect to a substantially similar design. The designer of the EU patent is Liu.

15. Displayed below are screenshots of the designs of the EU Patent:



16. Both the Chinese Patent and the EU Patent contain no visual differences, and both

patents were issued years before the US Patent.

17. Specifically, all design features of the US Patent have been fully disclosed by both the Chinese Patent and the EU Patent.

18. The US Patent contains no original elements undisclosed by prior art, and all features are conventional combination of the Chinese and EU Patents as well as exiting technology.

19. Between January and February 2026 (merely a month after Defendants obtained the US Patent), Plaintiff received several notices from www.amazon.com noting that Amazon.com LLC had received infringement notices from Liu alleging that Plaintiff's storage bins infringed on Liu's intellectual property rights under the US Patent and their "original" product under ASIN B0BN1FD2P3. Upon information and belief, Zhongchuang and Liu conspired together to fraudulently submit a trademark infringement complaint and prompt Amazon to take down Plaintiff's product. Furthermore, Plaintiff believes that Liu used the alias Kenny Liu to file the infringement notices. A true and correct copy of the Amazon.com Notices are attached hereto as Exhibit "B."

Hello PEARSONS1979,

The following listings are at risk of deactivation due to violations of our policies. You can find details of the at-risk listings below.

We are reaching out to you about this issue before it impacts your ability to sell so we can resolve this with limited impact to your business.

**Why is this happening?**
We are taking this action because we received a report from a rights owner alleging that your listings may infringe on the rights owner's patent. The rights owner communication about the alleged infringement and the listings at risk of

**Rights owner details:**
-- Kenny Liu
-- jiutong_group@163.com

**Rights owner communication:** I, Ming Liu, am the owner of U.S. design patent D1106675S (issued by USPTO), which covers the ornamental design of a storage box. As a storage product brand with independent R&D and self-owned factories, we are the original developer and manufacturer of the product under our ASIN B0BN1FD2P3. This is a formal patent infringement complaint against seller PEARSONS1979 (ID: A387RGN49W777J) on Amazon U.S. site. The infringing product ASIN is B0CQ2N2BY1 (Title: Nazhura 72 Quart Plastic Storage Bin, Stackable and Nestable Storage Boxes with Lids and Secure Latching Buckles, Large Storage Container (Blue, 72Quart-6Pack)), which

Hello PEARSONS1979,

The following listings are at risk of deactivation due to violations of our policies. You can find details of the at-risk listings below.

We are reaching out to you about this issue before it impacts your ability to sell so we can resolve this with limited impact to your business.

**Why is this happening?**
We are taking this action because we received a report from a rights owner alleging that your listings may infringe on the rights owner's patent. The rights owner communication about the alleged infringement and the listings at risk of removal are at the bottom of this message. Listing content infringing on the intellectual property of others is a violation of the Amazon Intellectual Property

**Rights owner details:**
-- Kenny Liu
-- jiutong_group@163.com

**Rights owner communication:** I, Ming Liu, am the owner of U.S. Design Patent D1106675S issued by the USPTO, which protects the ornamental design of a storage box. As a storage product brand with independent R&D and in-house manufacturing, we are the original designer and manufacturer of the product under Amazon ASIN B0CNCW9RM7. This is a formal patent

20. As a result, Amazon.com LLC has removed Plaintiff's product listing under ASINs: B0CQ2N2BY1, B0D17JYZWG, B0F8C4KNP2, B0CQ51ZNGH, B0CQ4WCGKX, B0CQ544YLX, BOCV23XS8T, B0CQ511PRF, and B0CQ2NR29T as purportedly infringing on the foregoing trademark, causing Plaintiff to suffer substantial damages.

21. All conditions precedent to this action have been performed or have been waived.

## COUNT I: DECLARATORY JUDGMENT
## OF INVALIDTY AND UNENFORCEABILITY

22. Plaintiff re-alleges and incorporates paragraphs 1 through 21 as set forth above.

23. This is a claim for declaratory judgment arising under the Declaratory Judgment

Act, 28 U.S.C. § 2201 and 35 U.S.C. § 102.

24. Defendants own the rights in and to the US Patent which consists of the following illustration:



25. Any rights which Defendants may have had in the above-referenced trademark are invalid and unenforceable due to Defendants' failure to comply with statutory requirements, in addition to making fraudulent misrepresentations to the USPTO regarding the US Patent's design "originality" and compliance with statutory requirements.

26. Specifically, all design features of the US Patent have been fully disclosed by both the Chinese Patent and the EU Patent.

27. The US Patent contains no original elements undisclosed by prior art, and all features are conventional combination of the Chinese and EU Patents as well as exiting technology.

28. As a result, the US Patent does not meet the statutory conditions for authorization of a US patent and should not be enforced.

29. Accordingly, Plaintiff is entitled to a declaratory judgment that Defendants' US Patent is invalid and unenforceable.

30. An actual and justiciable controversy exists between Plaintiff and Defendants with respect to the alleged infringement by Plaintiff of the US Patent as alleged by Defendants. Accordingly, declaratory relief is both appropriate and necessary to establish that said purported patents rights of Defendants are invalid and unenforceable against Plaintiff.

Plaintiff will continue to suffer irreparable harm, *inter alia*, from being unable to operate its online store due to Defendants' fraudulently obtained U.S. Patent and the resulting suspension of Plaintiff's Amazon seller account.

**WHEREFORE**, Plaintiff requests that the Court declare that the design patent with US Registration Number D1106675S is invalid and unenforceable due to the failure of compliance with statutory requirements and their commission of fraud before the USPTO. Plaintiff further requests that the Court award Plaintiff its costs and reasonable attorneys' fees incurred in prosecuting this action pursuant to 15 U.S.C. § 1117.

**WHEREFORE**, Plaintiff requests judgment against Defendants, for compensatory, special, and punitive damages, prejudgment interest, an award of costs, and such other relief as the Court deems just and proper.

| | |
|---|---|
| Dated: February 24, 2026. | COPYCAT LEGAL PLLC<br>3111 N. University Drive<br>Suite 301<br>Coral Springs, FL 33065<br>Telephone: (877) 437-6228<br>dan@copycatlegal.com<br>talia@copycatlegal.com<br><br>By: /s/ Talia Manreza Vives<br>       Talia Manreza Vives, Esq.<br>       Daniel DeSouza, Esq. |